# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HECTOR FERNANDO VARGAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 03C 1569 |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) |
| WILLIAM BUGLIO, STAR #3983, | ) |
| FELIX TOMALIS, STAR #8484, | ) |
| JOSEPH CONSIDINE, STAR #15831, | ) |
| ALBERT KRUEGER, STAR #14394, | ) |
| ANTHONY ROTKVICH, STAR #17755, | ) |
| THOMAS LOCONTE, STAR #19623, | ) |
| JOHN JARVIS, STAR #844, | ) |
| MICHAEL JEZIORNY, STAR #17618, and | ) |
| RICHARD WOJCIK, STAR #7280, | ) |
| | ) JURY DEMANDED |
| Defendants. | ) |

JUDGE ASPEN

MAGISTRATE JUDGE BOBRICK

DOCKETED MAR 0 4 2003

## COMPLAINT

NOW COMES the Plaintiff, HECTOR FERNANDO VARGAS, by and through his attorneys, BROOKINS & WILSON, and complaining of the Defendants, CITY OF CHICAGO, WILLIAM BUGLIO, STAR #3983, FELIX TOMALIS, STAR #8484, JOSEPH CONSIDINE, STAR #15831, ALBERT KRUEGER, STAR #14394, ANTHONY ROTKVICH, STAR #17755, THOMAS LOCONTE, STAR #19623, JOHN JARVIS, STAR #844, MICHAEL JEZIORNY, STAR #17618, and RICHARD WOJCIK, STAR #7280, states as follows:

## PARTIES

1. Plaintiff, HECTOR FERNANDO VARGAS, is a resident of the City of Chicago, County of Cook, State of Illinois.

2. Defendant CITY OF CHICAGO is a municipal corporation in the State of Illinois that employs a law enforcement unit identified as the Chicago Police Department and is responsible for the employment, training, and supervision of Chicago police officers, Chicago police department staff, and the individual Defendants in this action.

3. Defendant WILLIAM BUGLIO at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #3983, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

4. Defendant FELIX TOMALIS at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #8484, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

5. Defendant JOSEPH CONSIDINE at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #15831, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

6. Defendant ALBERT KRUEGER at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #14394, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

7. Defendant ANTHONY ROTKVICH at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #17755, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

8. Defendant THOMAS LOCONTE at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #19623, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

9. Defendant JOHN JARVIS at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #844, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

10. Defendant MICHAEL JEZIORNY at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #17618, acting under color of

law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

11. Defendant RICHARD WOJCIK at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #7280, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

## JURISDICTION

12. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois.

13. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

14. Pursuant to 28 U.S.C. § 1367, the supplemental jurisdiction of this Court is invoked over all other claims that are so related to claims in this action within the Court's original jurisdiction.

15. Various acts and omissions alleged herein were engaged in and carried out by, between and among the individual defendants while said defendants were employed as members of the City of Chicago Police Department, and/or while officials, responsible for the administration, supervision and control of said municipal or local governmental unit.

16. Various acts and omissions alleged herein were engaged in and carried out by,

law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

11. Defendant RICHARD WOJCIK at all times relevant hereto was a duly appointed and acting officer of the Chicago Police Department, assigned Star #7280, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago. This Defendant is being sued individually and in his official capacity.

## JURISDICTION

12. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois.

13. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

14. Pursuant to 28 U.S.C. § 1367, the supplemental jurisdiction of this Court is invoked over all other claims that are so related to claims in this action within the Court's original jurisdiction.

15. Various acts and omissions alleged herein were engaged in and carried out by, between and among the individual defendants while said defendants were employed as members of the City of Chicago Police Department, and/or while officials, responsible for the administration, supervision and control of said municipal or local governmental unit.

16. Various acts and omissions alleged herein were engaged in and carried out by,

between and among individual defendants, under color of state law.

17. Various acts and omissions alleged herein were committed as a result of governmental custom, practice and policy which was so permanent and well settled that it constituted custom, practice or policy which had the force of law.

## VENUE

18. Pursuant to 28 U.S.C. § 1391(b), venue lies in the Northern District of Illinois, Eastern Division.

## STATEMENT OF FACTS

19. On or about March 6, 2001 at or about 12:30 a.m., Plaintiff was a passenger in an automobile being driven at or near 2430 S Archer Avenue in Chicago, Cook County, Illinois.

20. Defendant's BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK pulled over the vehicle in which the Plaintiff was a passenger.

21. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK grabbed Plaintiff, pulled and twisted his arms and body and slammed him down hard.

22. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK fractured Plaintiff's arm and caused him great pain on and about his body.

23. The Plaintiff pleaded for them to stop hurting him but Defendants BUGLIO,

TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK refused to stop.

24. At all times during the events described above, the Defendants Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK were engaged in a joint venture.

25. The individual police officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the events described above.

26. The actions of the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK were deliberate and calculated to cause harm to the Plaintiff.

27. As a direct and proximate result of said acts of the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Physical pain and suffering, humiliation and embarrassment, and emotional trauma and suffering, requiring the expenditure of money for medical treatment.

28. The actions of the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK violated the following clearly

established and well settled federal constitutional rights of the Plaintiff:

    a.    Freedom from the unreasonable seizure of his person;

    b.    Freedom from the use of excessive, unreasonable and unjustified force against his person;

    c.    Freedom from punishment without due process of law.

## COUNT I - VIOLATION OF CIVIL RIGHTS
### (Individual Police Officers)

29. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

30. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK inflicted great bodily injury to Plaintiff.

31. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK punished Plaintiff without due process of law.

32. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK for violation of his constitutional rights under color of law.

WHEREFORE, the Plaintiff, HECTOR FERNANDO VARGAS, prays that this Honorable Court:

    A.    Award compensatory damages to Plaintiff against the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, jointly and severally;

B.  Award punitive damages to Plaintiff against the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, jointly and severally;

C.  Award reasonable attorney's fees and costs to the Plaintiff;

D   Award to Plaintiff such other and further relief as this Court may deem appropriate.

## COUNT II - VIOLATION OF CIVIL RIGHTS
### (Individual Police Officers)

33. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

34. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK caused Plaintiff to suffer great bodily injury.

35. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK conspired to cover-up and ratify their prior wrongful and/or unlawful conduct, as described above.

36. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK conspired to deprive Plaintiff of his due process rights.

37. Depriving Plaintiff due process of law was an operative factor in the cover-up and conspiracy of Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK.

38. Depriving Plaintiff his due process right to access to the courts to litigate the

underlying misconduct of Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK was an operative factor for their conspiracy.

39. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK for conspiring to violate of his constitutional rights under color of law.

WHEREFORE, the Plaintiff, HECTOR FERNANDO VARGAS, prays that this Honorable Court:

A. Award compensatory damages to Plaintiff against the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, jointly and severally;

B. Award punitive damages to Plaintiff against the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, jointly and severally;

C. Award reasonable attorney's fees and costs to the Plaintiff;

D Award to Plaintiff such other and further relief as this Court may deem appropriate.

### COUNT III - VIOLATION OF CIVIL RIGHTS
### (City of Chicago)

40. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

41. Prior to the incident on March 6, 2001, Defendant CITY OF CHICAGO developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Chicago, which caused the violations of Plaintiff's rights.

42. It was the policy and/or custom of Defendant CITY OF CHICAGO to inadequately and improperly investigate citizen complaints of police and civilian police employee misconduct, and acts of misconduct were instead tolerated by Defendant CITY OF CHICAGO.

43. It was the policy and/or custom of Defendant CITY OF CHICAGO to inadequately supervise and train its police officers and civilian police employees, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

44. It was the policy and/or custom of Defendant CITY OF CHICAGO to have "Zero Tolerance" arrest initiative were in Chicago Police Officers, such as Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, were encouraged and/or required to stop, question, search, harass, and arrest citizens upon the streets of the City of Chicago.

45. It was the policy and/or custom of Defendant CITY OF CHICAGO to have "Initiatives" which encouraged and/or required Chicago Police Officers, such as Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, to stop, question, search, harass, and arrest citizens upon the streets in designated "Zero Tolerance" areas of the City of Chicago.

46. On information and belief, Plaintiff was stopped, questioned, searched, harassed, and arrested by the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH,

LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK because of such aggressive initiatives, policies and/or customs encouraged and required by Defendant CITY OF CHICAGO.

47. Defendant CITY OF CHICAGO did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

48. On information and belief, Defendant CITY OF CHICAGO failed and/or refused to expand the Internal Affairs Division of the Chicago Police Department, whose staffing has remained constant while its caseload has grown exponentially.

49. On March 6, 2001, Defendant CITY OF CHICAGO did not regularly keep track of the citizen complaints of excessive force against individual officers so that patterns of such misconduct could be properly monitored.

50. On information and belief, in July of 1994, Defendant CITY OF CHICAGO began keeping track of excessive force complaints against individual officers using a computer application commonly known as "BrainMaker."

51. On information and belief, in July 1994, the Chicago Police Department unveiled the "BrainMaker" computer program which was supposed to allow the department to steer officers toward counseling before they committed a crime.

52. On information and belief, prior to March 6, 2001, Defendant CITY OF CHICAGO discontinued its use of its computerized method of keeping track of excessive force complaints against individual officers.

53. On information and belief, prior to March 6, 2001, Defendant CITY OF CHICAGO discontinued its use of its computerized method of keeping track of excessive force complaints against individual officers because such information would be discoverable in civil rights cases.

11

54. Defendant CITY OF CHICAGO failed and/or refused to keep track of excessive force complaints against individual officers even though the police department hierarchy and internal affairs believed that even unsubstantiated claims against officers were critical to weeding out problem officers and preventing police brutality and other kinds of misconduct.

55. Defendant CITY OF CHICAGO failed and/or refused to keep track of excessive force complaints against individual officers using the computerized tracking system, even though the police department hierarchy and internal affairs believed that "BrainMaker" was an effective tool for the department.

56. On information and belief, Defendant CITY OF CHICAGO discontinued the use of the "BrainMaker" computerized tracking program even though the police department hierarchy and internal affairs believed that test runs of the computer software were right on target.

57. On information and belief, Defendant CITY OF CHICAGO dismantled the "BrainMaker" computer system even though it could have dramatically improved how the Chicago Police Department dealt with at-risk officers such as Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK.

58. Defendant CITY OF CHICAGO knew or should have known that:

    a. Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK were prone to use excessive force upon citizens and visitors of the City of Chicago.

    b. Its police officers and civilian police employees, including Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, were not adequately trained in proper

12

arrest procedure and technique;

c. Its police officers and civilian police employees, including Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, were not adequately trained on the necessary conduct of citizens or suspects to support a search or arrest of the citizen or suspect;

d. Its police officers and civilian police employees, including Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, were not adequately supervised while processing, monitoring, and controlling persons under arrest or in custody;

e. Its police officers and civilian police employees, including Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, were not properly following and adhering to Chicago Police Department guidelines, procedures, general orders, and protocol regarding the arrest, processing, monitoring, and controlling of suspects and persons in custody;

f. Its police officers and civilian police employees, including Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, needed training and/or re-training regarding the proper use of force;

g. Its police officers, including Defendants BUGLIO, TOMALIS, CONSIDINE,

KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, would use and were using its aggressive initiatives and zero tolerance policies, as a cover-up for and ratification of their use of excessive force on citizens and visitors of the City of Chicago;

h. In light of the duties assigned to specific police officers and civilian police employees, including Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, the need for more or different training was obvious and that the existing inadequacy was likely to result in the violation of constitutional rights.

59. On information and belief, Defendant CITY OF CHICAGO failed to provide further training after learning of a pattern of constitutional violations involving the use of excessive force.

60. As a result of the above described policies and customs, police officers and civilian police employees of the City of Chicago, including the Defendants BUGLIO, TOMALIS, CONSIDINE, KRUEGER, ROTKVICH, LOCONTE, JARVIS, JEZIORNY, and/or WOJCIK, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

61. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Chicago to the constitutional rights of persons within the City of Chicago, and were the cause of the violations of Plaintiff's rights alleged herein.

WHEREFORE, the Plaintiff, HECTOR FERNANDO VARGAS, prays that this Honorable Court:

A.  Award compensatory damages to Plaintiff against the Defendant CITY OF CHICAGO;

B.  Award reasonable attorney's fees and costs to the Plaintiff;

C.  Award to Plaintiff such other and further relief as this Court may deem appropriate.

Respectfully submitted,

*Thaddeus L. Wilson*
One of Plaintiff's Attorneys

Thaddeus L. Wilson (6226383)
Howard B. Brookins, Jr. (6198623)
BROOKINS & WILSON
11 East Adams Street, Suite 902
Chicago, IL 60603
(312) 360-0888

15

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



**DOCKETED**
MAR 0 4 2003

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** HECTOR FERNANDO VARGAS

**Defendant(s):** CITY OF CHICAGO WILLIAM BUGLIO, STAR 3983 FELIX TOMALIS, STAR #8484 JOSEPH CONSIDINE, STAR #15831 ALBERT KRUEGER, STAR #14394 ANTHONY ROTKVICH, STAR #17755 THOMAS LOCONTE, STAR #19623 JOHN JARVIS, STAR #844 MICHAEL JEZIORNY, STAR #17618 RICHARD WOJCIK, STAR #7280

County of Residence: COOK

County of Residence: JUDGE ASPEN

Plaintiff's Atty: THADDEUS L. WILSON
BROOKINS & WILSON
11 E. ADAMS ST., SUITE 902, CHICAGO, IL 60603
312-360-0888

Defendant's Atty:

**03C 1569**

MAGISTRATE JUDGE BOBRICK

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties (Diversity Cases Only)
  Plaintiff:- N/A
  Defendant:- N/A

IV. Origin: **1. Original Proceeding**

V. Nature of Suit: 440 Other Civil Rights

VI. Cause of Action: 42 U.S.C. 1983 - VIOLATION OF CIVIL RIGHTS

VII. Requested in Complaint
  Class Action:
  Dollar Demand: **100,000.00**
  Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Case: 1:03-cv-01569 Document #: 1 Filed: 03/03/03 Page 17 of 18 PageID #:17

**Signature:** *[signature]*

**Date:** 3/3/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**                Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

**HECTOR FERNANDO VARGAS -VS- CITY OF CHICAGO, ET AL.**



JUDGE ASPEN

Case Number **03C 1569**

MAGISTRATE JUDGE BOBRICK

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**HECTOR FERNANDO VARGAS**

DOCKETED
MAR 04 2003

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME THADDEUS L. WILSON | NAME HOWARD B. BROOKINS, JR. |
| FIRM BROOKINS & WILSON | FIRM BROOKINS & WILSON |
| STREET ADDRESS 11 E. ADAMS STREET, SUITE 902 | STREET ADDRESS 11 E. ADAMS STREET, SUITE 600 |
| CITY/STATE/ZIP CHICAGO, IL 60603 | CITY/STATE/ZIP CHICAGO, IL 60603 |
| TELEPHONE NUMBER 312-360-0888 | TELEPHONE NUMBER 312-360-0888 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06226383 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06198623 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES X NO ☐ |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES X NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED 03 MAR -3 PM 4:36 CLERK U.S. DISTRICT COURT